# EXHIBIT "A"

# MAGISTRATE COURT OF CRAWFORD COUNTY, GEORGIA

Date Filed 12-15-14

Case No: 14-310CS

RECEIVED JAN 06 2015

**MARY WILLIS (SEE ATTACHED)**

STATEMENT OF CLAIM

Plaintiff(s) Name, Address   vs
**CAPITAL MANAGEMENT SERVICES, L.P.**

Defendant(s) Name, Address

[ ] Suit on Note   [ ] Suit on Account   [X] Other
1. The Court has jurisdiction over the defendant(s) [ ] the Defendant(s) is a resident of _____ County; [X] Other (please specify)
See attached complaint

2. Plaintiff(s) claims the Defendant(s) is indebted to the Plaintiff(s) as follows (You must include a brief statement giving reasonable notice of the basis for each claim contained in the Statement of Claim):
See attached complaint

3. That said claim is in the amount of $ 15,000.00 _____, principal $ _____ interest, plus _____ costs to date, and all future costs of this suit. State of Georgia, Houston County:

Clifford Carlson being duly sworn on oath says the foregoing is a just and true statement the amount owing by defendant(s) to plaintiff(s), exclusive of all set-offs and just grounds of defense.

Sworn and subscribed before me this
12th day of November 20__

_____
Notary Public/Attesting Official

[Notary Seal: PATRICIA CARLSON, MY COMMISSION EXPIRES APR 8 2017, HOUSTON CO., GEORGIA, NOTARY PUBLIC]

_____
Plaintiff(s) or Agent
(If Agent, Title or Capacity) Attorney

478-254-1018
Day Time Phone Number

## NOTICE AND SUMMONS

TO: All Defendant(s) You are hereby notified that the above named Plaintiff(s) has/have made a claim and is requesting judgment against you in the sum shown by the foregoing statement. YOU ARE REQUIRED TO FILE or PRESENT AN ANSWER (answer forms can be obtained for the above listed web-site or clerk's office) TO THIS CLAIM WITHIN 30 DAYS AFTER SERVICE OF THIS CLAIM UPON YOU. IF YOU DO NOT ANSWER, *JUDGMENT BY DEFAULT* WILL BE ENTERED AGAINST YOU. YOUR ANSWER MAY BE FILED IN WRITING OR MAY BE GIVEN ORALLY TO THE JUDGE OR CLERK. If you choose to file your answer orally, it MUST BE IN OPEN COURT IN PERSON and within the 30 day period. NO TELEPHONE ANSWERS ARE PERMITTED. The court will hold a hearing on this claim at the Magistrate Court of Crawford County 100 GA Hwy 42 S Knoxville, GA 31050 _____, at a time to be scheduled after your answer is filed. You may come to court with or without an attorney. If you have witnesses, books, receipts, or other writings bearing on this claim, you should bring them to court at the time of your hearing. If you want witnesses or documents subpoenaed, see a staff person in the Clerk's office for assistance. If you have a claim against the Plaintiff(s), you should notify the court by immediately filing a written answer and counterclaim. If you admit to the Plaintiff(s)' claim but need additional time to pay, you must come to the hearing in person and tell the court your financial circumstances. Your answer must be RECEIVED by the clerk within 30 days of the date of service. If you are uncertain whether your answer will timely arrive by mail, file your answer in person at the clerk's office during normal business hours.

This 15th day of December, 2014     _____
Magistrate or Deputy Clerk of Court

12-15-14SC Filed
Magistrate Court of Crawford County

RECEIVED 12-15-14

MAG 10-01 STATEMENT OF CLAIM .DOC

IN THE MAGISTRATE COURT OF CRAWFORD COUNTY

STATE OF GEORGIA

MARY WILLIS, :
      Plaintiff, :
vs. : Case No.: 14-310CS
CAPITAL MANAGEMENT SERVICES, L.P., :
      Defendant. :

**Complaint**

Plaintiff Mary Willis, brings this action based on Defendant Capital Management Services, L.P.'s tortious debt collection practices. Plaintiff shows:

**Parties, Jurisdiction, and Venue**

1.

Defendant Capital Management Services, L.P. (hereinafter "CMS") is a Delaware for profit limited partnership, registered with the Georgia Secretary of State as a foreign limited partnership.

2.

Defendant CMS's registered agent is Corporation Service Company, who may be served with process at 40 Technology Parkway South #300, Norcross, Georgia 30092.

3.

Plaintiff Mary Willis (hereinafter "Willis") is and at all times relevant to this action was an individual residing in Roberta, Georgia.

4.

Defendant CMS operates an internet website, www.cms-collect.com. This site allows users to access account information specific to a resident of Georgia, which includes financial and personal information, make "online payments," and otherwise engage in the exchange of information between the website and the user's computer.

1

Thus, Defendant CMS has sufficient minimum contacts with the State of Georgia giving rise to personal jurisdiction. By actively engaging in the exchange of information with a user in Georgia and where she resides, Defendant CMS reasonably should anticipate being subject to the jurisdiction of a Georgia court. Further, this Court's assertion of personal jurisdiction does not offend the traditional notions of substantial justice and fair play.

5.

Because the tortious acts in this case are directed at a resident of Crawford County and because Willis has been injured in Crawford County, pursuant to O.C.G.A. § 9-10-91 and O.C.G.A. §9-10-93 personal jurisdiction and venue is proper in Crawford County.

6.

These claims are for less than the jurisdictional limits of this Honorable Court.

7.

As such, both venue and jurisdiction is proper.

8.

Plaintiff Willis is a consumer as defined by O.C.G.A. §10-1-392(6).

9.

Defendant CMS holds itself out to be a "debt collector" as that term is envisioned by the Fair Debt Collection Practices Act.

### Legal Claims

#### Count One -- Fair Debt Collection Practices Act

10.

Plaintiff Willis re-alleges, and by this reference here incorporates, all her averments and allegations set out or described herein above.

11.

2

As set forth below, Defendant CMS has willfully violated the FDCPA.

12.

Defendant CMS communicated with third parties in an attempt to collect alleged debt from Plaintiff Willis in violation of 15 U.S.C. §1692c(b).

13.

Defendant CMS failed to send consumer or her attorney a validation of the alleged debt after being notified by Plaintiff's attorney that the debt was in dispute within the thirty (30) day time period. Defendant's failure to validate the debt constitutes a violation 15 U.S.C. §1692g.

14.

Defendant CMS continued collection activities and communications in an attempt to collect the alleged debt after receiving notification that the debt was in dispute and a demand for validation from Plaintiff's attorney. Defendant's continued collection activities and communications constitute a violation of 15 U.S.C. §1692g(b).

15.

Defendant CMS used false, deceptive, and misleading representation or means in connection with the debt collection, which is prohibited under 15 U.S.C. §1692e(10). In support thereof, Willis shows that Defendant sent communication that is prima facie evidence of deception.

16.

Pursuant to federal law, Plaintiff Willis is entitled to receive money damages in the amount of $1,000.00 for Defendant CMS's repeated violations of the FDCPA.

**Count Two – Fair Business Practices Act**

17.

Plaintiff Willis re-alleges, and by this reference here incorporates, all her averments and allegations set out or described herein above.

18.

3

Defendant is subject to the Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq*, (herein the 'FBPA') for acts and omissions pertaining to its attempts relating to collection of an alleged deficiency balance under an alleged contract.

19.

Reliance is not an element of a consumer's claim under the FBPA for Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* (hereafter 'FDCPA'), violations because:

(a) false, deceptive, and unfair or unconscionable means used in the collection of consumer debt harms the general consumer market place as a matter of law; and,

(b) the General Assembly did not intend for common law fraud principles to apply to claims brought under the FBPA; and,

20.

By and through the adoption of the FDCPA into the FBPA, creditors in Georgia are made subject to the rules otherwise applicable in the FDCPA only to debt collectors.

21.

Defendant's violations of the FBPA include, but are not limited to:

(a) sending the consumer communications that are "deceptive" pursuant to O.C.G.A. § 10-1-393 *et seq*, in that aforesaid communications create confusion as to who the creditor is; and,

(b) such other and further violations as the evidence may demonstrate during the course of discovery and trial of this case.

22.

Defendant's violations were deliberate and intentional; or in reckless disregard of defendant's rights; or negligent; and harmed the general consumer market place.

23.

For these violations of the FBPA, Plaintiff Willis is entitled to her actual damages pursuant to O.C.G.A. § 10-1-399(a).

4

24.

To the full extent that these violations were intentional, Plaintiff Willis is entitled to exemplary damages in the amount of three times her actual damages pursuant to OCGA 10-1-399(a) and (c).

25.

Plaintiff Willis is further entitled to her attorneys fees and costs pursuant to O.C.G.A. § 10-1-399(d) from CMS.

### Count Three - Unfair or Deceptive Practices Toward the Elderly

26.

Plaintiff Willis re-alleges, and by this reference here incorporates, all her averments and allegations set out or described herein above.

27.

By engaging the actions and failures to act set forth *supra*, in violation of the FDCPA and the FBPA, CMS also violated the Unfair or Deceptive Practices Toward the Elderly and Disabled Act ("UDPTEA") as stated in O.C.G.A. § 10-1-851.

28.

And, as a result of those actions and inactions, Plaintiff Willis is entitled to her actual damages, additional civil penalties up to $10,000 per *each* violation, to punitive damages under O.C.G.A. § 10-1-851, and to reasonable attorneys fees pursuant to O.C.G.A. § 10-1-853.

### Count Four - Attorneys Fees

29.

Plaintiff Willis re-alleges, and by this reference here incorporates, all her averments and allegations set out or described herein above.

30.

Because of the Defendant's malfeasance and egregious behavior, Willis was forced to engage the services of the below-signed attorney to protect her legal rights.

5

Pursuant to the FDCPA and the UDPTEA, Willis is entitled to an award of reasonable attorney's fees in an amount to be determined at trial.

6

## PRAYER FOR RELIEF

WHEREFORE, Mary Willis seeks:

A) That this Court grant her claims process of law; and,

B) That this Court grant monetary damages, including but not limited to, actual, exemplary, punitive, and statutory damages and civil penalties as alleged in each and every count, above; and,

D) That this Court tax all Court costs to the Defendant; and,

E) That this Court award the Plaintiff attorney's fees; and,

F) Such other and further legal relief as the court may deem appropriate under all the circumstances of this case.

Dated November 12, 2014.

Clifford Carlson,
Ga. Bar No.: 227503

Cliff Carlson Law, P.C.
4501 Russell Parkway, Suite 24
Warner Robins, GA 31088
478.254.1018 (Tel.)
cc@cliffcarlsonlaw.com (Email)